OPINION OF THE COURT
Victor J. Alfieri, Jr., J.
The applicant has applied for a change of her pistol permit to unrestricted and full carry from sportswoman-residence. The *236 applicant’s sportswoman-residence permit was issued on December 2, 2002 as permit No. 7462. The permit allows the applicant to use and carry her weapon for any sports related undertakings such as target shooting, hunting, fishing, hiking, camping as well as possession of the weapon in her home. This court denied the applicant’s request to expand the permit to full carry/unrestricted by letter dated September 4, 2008. (See court’s exhibit 1 in evidence.) Thereafter, the applicant applied for a hearing, and on September 15, 2008 the court received a letter from the applicant stating her reasons for the need of an unrestricted permit. (Exhibit 1.)
This court set a hearing for December 2, 2008 and notified the following agencies, none of whom sent representatives to appear at the hearing: Rockland County District Attorney, Rock-land County Sheriff, Rockland County Attorney, and Clarkstown Police Department. Mrs. Bastiani and her husband appeared at the hearing. The court received sworn testimony from Mrs. Bastiani along with the assistance of her husband, Flavio.
The burden of establishing proper cause for the issuance of a full carry permit is placed upon the applicant. (Matter of Kaplan v Bratton, 249 AD2d 199, 201 [1998].) The issuance of a pistol permit is a privilege subject to reasonable regulation, and in order to receive a full carry permit the applicant must show a special need for self-protection distinguishable from that of the general community. {Id. at 201.) Even the fact that one carries large amounts of cash or valuable articles or supplies in areas noted for criminal activity does not demonstrate per se “a special need for self-protection distinguishable from that of the general community of the person engaged in the same business or profession.” (Matter ofKlenosky v New York City Police Dept., 75 AD2d 793, 793 [1980], affd 53 NY2d 685 [1981].)
The issuance of a pistol permit for self-protection in one’s home has recently been held by the U.S. Supreme Court to be a right protected by the Second Amendment of the United States Constitution: “There seems to us no doubt, on the basis of both text and history, that the Second Amendment conferred an individual right to keep and bear arms.” (District of Columbia v Heller, 554 US —, —, 128 S Ct 2783, 2799 [2008].) However, in so holding the Supreme Court also recognized that the individual right to bear arms is limited:
“Like most rights, the right secured by the Second Amendment is not unlimited. From Blackstone through the 19th-century cases, commentators and *237 courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose. For example, the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues.” (Heller, 554 US at —, 128 S Ct at 2816 [citations omitted].)
Heller dealt with the case of an individual who sought to keep a weapon for self-protection in his home. The District of Columbia’s law “totally ban[ned] handgun possession in the home.” (Heller, 554 US at —, 128 S Ct at 2817.) The District of Columbia claimed a “rational bas[is]” for the statute to eliminate gun related accidents (Heller, 554 US at — n 27, 128 S Ct at 2818 n 28), in furtherance of the legitimate governmental interest of gun control. (Heller, 554 US at —, 128 S Ct at 2821.) The Supreme Court however held that the interests of the State were “accounted” for by the framers of the Bill of Rights, “[The Second Amendment] is the very product of an interest-balancing by the People . . . And whatever else it leaves to future evaluation, it surely elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home.” (Heller, 554 US at —, 128 S Ct at 2821.)
The Heller case, advanced by the applicant in support of her application, is utterly distinguishable from the case at bar. The applicant is permitted to possess her weapon for many sports-related undertakings in addition to possession in her home. Nothing in Heller grants the applicant more than what she already has.
In the opinion of this court, Heller does not extend the right to bear arms as the applicant contends: to carry a weapon for any purpose at any place or time. Putting aside the question of whether the Second Amendment’s “individual” right to bear arms is in fact extended to the individual states as a fundamental right, an issue not addressed by the Supreme Court, it is clear that even if that be the case, a regulatory scheme would not run afoul of the Heller Court’s holding. (Heller, 554 US at — n 26, 128 S Ct at 2816-2817 n 26.) Rejecting the District of Columbia’s claim that its regulation of weapons possession was a reasonable regulation, the Heller Court held the statute was an impermissible ban on handgun possession in the home and thereby violative of the Second Amendment. The Supreme Court went on to hold: “The Constitution leaves the District of Co *238 lumbia a variety of tools for combating [handgun violence], including some measures regulating handguns.” (Heller, 554 US at —, 128 S Ct at 2822.)
Reasonable regulation of handgun possession survives the Heller decision. Those charged with the duty to oversee handgun licensing, such as this court, must, in the opinion of this court, recognize and honor the right while at the same time recognize the limits to the right to bear arms under the Second Amendment to the United States Constitution. In New York State the burden of establishing proper cause for the issuance of a full carry permit, as noted above, is upon the applicant to establish “a special need for self protection distinguishable from that of the general community or persons engaged in the same profession.” (Kaplan v Bratton, 249 AD2d at 201; Klenosky, 75 AD2d at 793.) Such is not inconsistent with the holding of Heller.
The reason for applicant’s “need” to obtain a full carry permit, according to the testimony of the applicant, is that on two occasions she was in fear for her personal safety in public places. On one occasion in a large mall parking lot the applicant saw a man walking toward her who walked away at the last second before actually confronting her. The second occasion in a fast food restaurant a person behind her said words to the effect, “I’m going to rob this place,” placing applicant in fear. However, the individual, indicated he was “just kidding.” The police were not called in either situation and, in the second situation the man remained in the restaurant without being removed by proprietors.
In Kaplan a physician-applicant alleged that she traveled in New York City at night to various hospitals and “feared for her personal safety.” (Kaplan at 200.) The License Division of the New York City Police Department held that the business in which a doctor is engaged is “not the type normally targeted by armed robbers; she did not carry large deposits of cash.” (Kaplan at 200.) The applicant herein states that she would feel more comfortable or secure with a full carry permit. These concerns certainly are not indicative of a special need nor do they distinguish her “need” from any other citizen. Additionally, the applicant already possesses a sportswoman-residence permit which, in this court’s opinion, is well within the ambit of rights and privileges held to inure to the benefit of the applicant by virtue of the Second Amendment as defined by District of Columbia v Heller (supra). In sum, the applicant has not shown sufficient circumstances to distinguish her need from those of *239 countless others, nor has she demonstrated a specific need for self-protection distinguishable from that of the general community of persons engaged in the same business or profession, warranting issuance of a full carry permit.
The application to upgrade the applicant’s permit from sportswoman-residence to full carry is denied.